```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
```

Washington Davis,

              Petitioner,          93 Civ. 2931 (MGC)

    - against -                   <u>MEMORANDUM OPINION</u>

Arthur A. Leonardo, Superintendent
of Great Meadow Correctional
Facility,

              Respondent.

```
----------------------------------X
```

**CEDARBAUM, J.**

On July 15, 1994, I denied the petition for a writ of habeas corpus of then state prisoner Washington Davis. <u>See</u> <u>Davis v. Leonardo</u>, No. 93 Civ. 2931 (MGC), 1994 WL 376136 (S.D.N.Y. July 15, 1994). On September 20, 1994, I denied petitioner's application for a certificate of probable cause. Petitioner thereafter moved to vacate the July 15, 1994 order, and I denied the motion in an order dated May 23, 1995. Petitioner again moved to alter or amend the July 15, 1994 order, and I again denied the motion by order dated July 28, 1995. I also denied petitioner's motion for a certificate of probable cause. In June 2004, petitioner moved for a third time to vacate the July 15, 1994 order, pursuant to Fed. R. Civ. P. 60(b). I denied the motion in a memorandum opinion entered October 6, 2004. <u>See</u> <u>Davis v. Leonardo</u>, No. 93 Civ. 2931 (MGC), 2004 WL 2211654

(S.D.N.Y. Oct. 1, 2004).

Petitioner now moves under Fed. R. Civ. P. 59 to alter or amend the October 6, 2004 memorandum opinion on the grounds that "material facts and evidence" were "overlooked" and arguments "misapprehended" in rendering that decision.

As an initial matter, petitioner's motion is untimely. Local Civil Rule 6.3 provides that "[a] notice of motion for reconsideration or reargument ***of a court order determining a motion*** shall be served within ten (10) days after ***the entry*** of the court's determination of the original motion." According to petitioner's Affidavit of Service, petitioner mailed a copy of this motion to the Office of the Bronx County District Attorney on October 22, 2004 -- sixteen days after the challenged ruling was entered.

Petitioner's motion also fails on the merits. Reconsideration may properly be granted when the moving party can show that "the court has overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result." Donahue v. Pendleton Woolen Mills, Inc., 719 F. Supp. 149, 151 (S.D.N.Y. 1988) (internal quotation and citations omitted). Petitioner has not identified any fact or cited any authority that was overlooked in the decision on his previous motion to vacate. The "newly discovered evidence" on which petitioner relies -- an October 12, 2004 decision and order

of the New York Appellate Division, First Department, see <u>Davis v. City of New York</u>, 11 A.D.3d 254, 782 N.Y.S.2d 908 (1st Dep't 2004) -- is not evidence, and in any event does not support petitioner's claim.  All of the issues raised by petitioner in his present motion were carefully considered before the issuance of the memorandum opinion entered October 6, 2004.  Accordingly, petitioner's motion for reconsideration is denied.

Petitioner also seeks by letter to assert a claim that his sentence was unconstitutional under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) -- a claim that was also the subject of a motion dated July 2004 filed by petitioner in New York state court pursuant to N.Y.C.P.L. § 440.20.  As previously noted, however, petitioner's application to this court for a writ of habeas corpus was denied.  If petitioner wishes to file a second or successive habeas petition, he must first move in the United States Court of Appeals for the Second Circuit for an order authorizing its consideration.  28 U.S.C. § 2244(b)(3)(A).  In any event, the Second Circuit has held that neither <u>Blakely</u> nor <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), applies retroactively to collateral challenges like petitioner's.  <u>See Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005) (denying application to file a second or successive petition under 28 U.S.C. § 2255).

For the foregoing reasons, petitioner's request to have his

<u>Blakely</u> claim "be made part of [his] habeas petition" is also denied.

SO ORDERED.

Dated:   New York, New York
         June 29, 2005

                              S/_____
                                MIRIAM GOLDMAN CEDARBAUM
                                United States District Judge